Jerry J. Jarzombek
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2007 AUG 14 PM 3: 21

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LINDA TRICE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMERCIAL RECOVERY<br>SYSTEMS, INC.<br>　　　　Defendant. | Civil Action No.<br>**4-07CV-480-A**<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**PRELIMINARY STATEMENT**

1.　　Plaintiff, Linda Trice ("Trice"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.　　Defendant, Commercial Recovery Systems, Inc. ("CRS") attempted to collect a consumer debt allegedly owed by Plaintiff. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof

and the same were primarily for personal, family, or household purposes. The purported Debt arose from a deficiency claimed by Chase Auto Finance. CRS employed collectors using the names "Chris Anderson" and "Tom" at all times relevant to this lawsuit.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## PARTIES

5.      Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6.      CRS is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of CRS' business is the collection of consumer debts. CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). CRS is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## FACTUAL ALLEGATIONS

7.      This campaign of harassment began some weeks prior to June 13, 2007, when "Chris Anderson" ("Anderson") first made a collection call to Plaintiff's place of employment. The Plaintiff made arrangements to return Anderson's call later that day. Plaintiff asked Anderson not to call her at her place of employment, and he agreed to refrain from doing so.

8.      On June 25, 2007, Anderson again telephone Plaintiff at work. Anderson demanded that the Plaintiff allow him to speak to her payroll supervisor, so he could "report to them." The

demands to speak to payroll, as well as the hostility of the telephone call, increased to such a level that the Plaintiff terminated the call.

9.     The Plaintiff then returned the call, and spoke to Anderson's manager, "Tom." When Plaintiff complained about Anderson, Tom said that he would go back and "listen to the tapes." Tom went on to attempt to collect the debt, and told Plaintiff that he would take all the money from her checking account and savings account; put liens on everything she owned; that Plaintiff would have nothing left; and that he would take all future IRS refunds.

10.    On June 27, 2007, Anderson once again called Plaintiff's place of employment. This time, the call was answered by another employee who recognized Mr. Anderson as a debt collector. This other employee asked Mr. Anderson not to call for Plaintiff at her place of employment, and terminated the call.

11.    Mr. Anderson immediately called back to Plaintiff's place of employment, and demanded the identity of the person who terminated the call. The other employee identified herself, including the fact that she was the person in charge of payroll, asked Anderson not to call there again, and hung up.

12.    Mr. Anderson again called Plaintiff's place of employment yet again, and accused Plaintiff's co-worker of being rude. Once more this co-worker asked Anderson not to call there, and hung up.

13.    Mr. Anderson called back, which makes four calls in succession. When the other employee asked Anderson to stop calling, and advised him that the Plaintiff was not there, he said that "if Linda would take care of her business at home he would not have to call her place of business." Again, he was asked not to call back.

14. On June 28, 2007, Tom called Plaintiff at her place of employment, and told Plaintiff to call him back. When Plaintiff returned the call, Tom advised her that they had filed suit, and they would not be calling anymore. Tom also stated that he "figured that you [Plaintiff] didn't have any money anyway, because people like you usually don't."

15. On July 6, 2007, Plaintiff received the first written communication from CRS. The correspondence was dated June 30, 2007; however, the envelope in which was delivered was postmarked July 3, 2007.

16. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that CRS did not intend to, nor could it, file suit against Plaintiff.

17. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that CRS has a pattern and practice of threatening litigation as part of its collection tactics.

18. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that CRS falsely represented that it could take all the money from Plaintiff's checking account and savings account; put liens on everything she owned; that Plaintiff would have nothing left; and take all future IRS refunds.

19. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

20. The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

21. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## FIRST CLAIM FOR RELIEF

22. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to, the following:

    a.    In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

        i.    calling Plaintiff at her place of employment after being advised that she could not receive such calls while at work;

        ii.    telling Plaintiff that a lawsuit had been filed against her; and

        iii.    telling Plaintiff that they will take all the money from her checking account and savings account; put liens on everything she owned; that Plaintiff would have nothing left; and that they would take all future IRS refunds.

    b.    In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

    c.    In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken.

    d.    In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

        i.    calling Plaintiff at her place of employment after being advised that she could not receive such calls while at work;

        ii.    telling Plaintiff that a lawsuit had been filed against her; and

   iii. telling Plaintiff that they will take all the money from her checking account and savings account; put liens on everything she owned; that Plaintiff would have nothing left; and that they would take all future IRS refunds.

 e. At no time (specifically including the five days after the Defendant's initial communication with the Plaintiff in connection with the collection of a consumer debt) did the Defendant send the following information:

   i. the name of the creditor to whom the debt is owed;

   ii. a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant;

   iii. A statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant, and

   iv. A statement that, upon the Plaintiff's written request within the thirty day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

23. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

24. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to, the following:

 a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

 b. In violation of Tex. Fin. Code § 392.302(1), Defendant used language intended to abuse unreasonably the hearer thereof.

 c. In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

25. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render them liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF

26. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to, the following:

   a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

27. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4. Grant such further relief as deemed just.

**DATED**: August 14, 2007.

                Respectfully submitted,

                _____
                Jerry J. Jarzombek
                Texas Bar No. 10589050

                THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
                714 W. Magnolia
                Fort Worth, Texas 76104
                817-348-8325
                817-348-8328 Facsimile

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

**DATED**: August 14, 2007.

                                  Respectfully submitted,

*[signature]*

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

CTJ/RMT

%JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Linda Trice

**DEFENDANTS**
Commercial Recovery Systems, Inc.

2007 AUG 14 PM 3:22
CLERK OF COURT

(b) County of Residence of First Listed Plaintiff  **Parker**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Jerry Jarzombek, PLLC
714 West Magnolia, Fort Worth, Texas 76104, 817-348-8325

Attorneys (If Known)
4-07CV-480-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 15 USC 1692 (unlawful debt collection practices)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8-14-07
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # FW393   AMOUNT 350   APPLYING IFP   JUDGE A   MAG. JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: 4-07CV-480-A

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____  DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at www.txnd.uscourts.gov. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at www.pacer.pcs.uscourts.gov or by phone at 1-800-676-6856 for a log-in and password.

Information is attached regarding trials by a United States magistrate judge, receiving electronic notice, and the court's privacy policy.